**UNITED STATES of America,**

v.

**Jesus CRUZ.**

**No. 93–232–CR.**

United States District Court,
S.D. Florida.

Nov. 12, 1993.

Rosa C. Rodriguez–Mera, Miami, FL, for U.S.

Richard J. Diaz, Miami, FL, for defendant Jesus Cruz.

### ORDER AFFIRMING MAGISTRATE'S REPORT & RECOMMENDATION

HIGHSMITH, District Judge.

Upon *de novo* review and consideration of Defendant's motion to suppress, the Magistrate's findings and recommendations, the Report and Recommendation of Magistrate Judge Barry L. Garber granting the motion to suppress is AFFIRMED and made the Order of this Court.

DONE AND ORDERED.

### *REPORT AND RECOMMENDATION*

GARBER, United States Magistrate Judge.

THIS CAUSE is before the Court pursuant to an Order of Reference from United States District Judge K. Michael Moore. Pursuant to such reference a hearing on the defendant Cruz' Motion to Suppress was held on October 8, 1993 and the following Report and Recommendation is submitted on said motion.

## BACKGROUND

The underlying facts in this cause upon which the Motion to Suppress is based are essentially undisputed, the parties having stipulated to same so as to obviate the need for testimony. Such facts are set forth hereafter.

On May 12, 1993 the defendant and a co-defendant were arrested and charged with narcotics and firearms offenses. Defendant Cruz, at the time of his arrest, was driving a red Toyota and a search of the vehicle resulted in the recovery of a Smith and Wesson revolver. An inventory search of the vehicle was then conducted by a United States Customs Service Agent. Although a Florida Highway Patrol K–9 dog had earlier alerted to the presence of narcotics in the vehicle no narcotics were found during the inventory.

Subsequently the vehicle was placed in the custody of a private contractor who again inventoried the vehicle and found no contraband. Vehicles are often stored with private contractors for evidentiary purposes or pending forfeiture proceedings.

On or about June 16, 1993 the defendant Cruz was released on bond and the co-defendant remained in custody. On June 25, 1993 Special Agent LeGasse of Customs received a telephone call from a confidential informant (CI) known by LeGasse to be reliable. The CI advised Agent LeGasse that the defendant Cruz was attempting to locate the co-defendant Lopez' vehicle, also impounded at the time of Lopez' arrest, because a large amount of money was secreted inside of Lopez' car. The CI also told Agent LeGasse that Cruz had expressed concern as to whether a small quantity of cocaine secreted in his Toyota had been discovered. The CI also informed Agent LeGasse that an associate of Cruz' wanted assistance in locating and retrieving the two automobiles seized in this cause. LeGasse had knowledge that on at least two instances the private contractor had to deter efforts to steal vehicles stored in its facility.

Based upon the information received from the CI, Agent LeGasse contacted the United States Attorney's office and was advised that there was a sufficient basis for him to conduct another inventory of the automobiles. Such re-inventory was preceded by K–9 units alerting to the presence of narcotics in both vehicles. The inventory, conducted by Agent LeGasse and members of the Florida Highway Patrol, revealed the presence of approximately $130,000.00 in cash in a hidden compartment in Lopez' vehicle and a blue bag in Cruz' Toyota that contained eleven baggies of a white powdery substance that tested positive for the presence of cocaine.

It is the United States Customs Service regulations and policy that require substances and currency to be stored by the Customs Service seizure custodian and cannot be transferred to a private contractor. The private contractor, however, schedules a maintenance procedure entry into such vehicles on a regular basis.

The government, in its opposition to the motion to suppress, argues that such inventory conducted six (6) weeks after the arrest of the defendant and seizure of the Toyota was a permissible inventory and therefore not subject to the search warrant requirement. For reasons set forth hereinafter this Court disagrees.

## DISCUSSION

■ The government claims that the second search of the vehicle "[w]as carried out for the sole purpose of inventorying any articles of value or any contraband that may have been found in the car."[1] In support of such argument the government relies upon *United States v. O'Bryant*, 775 F.2d 1528, 1534 (11th Cir.1985) wherein several reasons were set forth to justify such searches:

> deterrence of false claims of loss made against police departments, safeguard against theft or careless handling of recovered articles, and protection of police from potentially dangerous material in articles held at the station house.

*O'Bryant* further recognizes that an inventory search permits a thorough search of property in police custody as long as such search is consistent with police caretaking functions. *See, South Dakota v. Opperman,* 428 U.S.

---

1.  Government's Response to Defendant's Motion to Suppress Evidence, page 6.

364, 376 n. 10, 96 S.Ct. 3092, 3100 n. 10, 49 L.Ed.2d 1000 (1975). Such argument, however, misses the mark since it is not in accord with the facts of this case.

Clearly there was no need for what the government claims to be an inventory search some six (6) weeks following the seizure of the vehicle since none of the criteria enunciated in *O'Bryant, supra* were present. The vehicle was stored on the premises of an independent contractor who stored seized vehicles that were to be used as evidence or to be subjected to forfeiture proceedings. No danger existed regarding the contents of the vehicle as would pertain to law enforcement officers, nor was it likely that a claim pertaining to a loss of contents would be made.

■ Simply put, the government desired to again search the defendant's vehicle because it felt that information received from a "previously reliable informant" would reveal the presence of contraband therein. Clearly the government sought to obtain evidence of criminal activity, not merely to conduct an inventory for the *O'Bryant* purposes. *United States v. Khoury*, 901 F.2d 948, 958 (11th Cir.1990) clearly asserts that an inventory search cannot be used as a surrogate for investigation. That was indeed the purpose of the inventory in this cause.

■ No exigent circumstances existed as a basis for a warrantless search. Here law enforcement officers had subjected the vehicle to an initial search and inventory at the time of the defendant's arrest. Thereafter, the vehicle was again subjected to an inventory conducted by personnel of the storage facility. In both instances no evidence of drugs had been found. Thus, this cause differs from *United States v. Johns,* 469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890 (1984) relied upon by the government. In *Johns* the searching officers had probable cause to believe that the car contained contraband. The officers in this cause had no probable cause for the subject search until they purportedly received information from a previously reliable informant. As skilled and experienced law enforcement officers they conducted a thorough search and inventory and were unable to find the presence of narcotics or contraband in the vehicle.

The existence of exigent circumstances as contemplated by *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), particularly the mobility of the vehicle, ceased to exist upon the seizure of the defendant's vehicle. The government desired to conduct a further *search* of the defendant's Toyota, not merely an inventory as claimed. They were clearly seeking evidence of criminality as related to them by their informant. Such circumstances, in this Court's opinion, require the procurement of a search warrant to conduct such further *search.* A warrant was not sought or obtained.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the government's claimed inventory of the defendant's vehicle, six (6) weeks following its seizure, was a pretext for an actual search of the vehicle. Such search, under the facts of this cause, required a search warrant which could have been procured since the officers had a basis for showing the requisite probable cause for a search warrant.

Upon due and careful consideration, it is hereby

RECOMMENDED that the defendant's Motion to Suppress be GRANTED.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. *See* 28 U.S.C. § 636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir.), *cert. den.,* 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 14th day of October, 1993.